IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ODELL KIMMONS, KALMERON KIMMONS, and DILLON KING,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. **3:25-CV-00064-L** |
| | § | |
| **VALFAIR CONSTRUCTION, INC. and COPART, INC.,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

On August 7, 2026, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 40) was entered, recommending that the court grant Defendants ("Defendants") Valfair Construction, Inc. and Copart Inc.'s Motion to Compel Arbitration and Stay the Proceedings (Doc. 20), retain the case, refer it to arbitration, and administratively close the case pending resolution of the arbitration.

In making this recommendation, the magistrate judge noted that in 2024, Plaintiff Odell Kimmons filed a collective action against Defendant Valfair Construction, Inc. in the United States District Court for the Western District of Texas ("Prior Lawsuit") to which Plaintiffs Kalmeron Kimmons and Dillon King joined. Doc. No. 40 at 8. In the Prior Lawsuit, the parties filed a joint motion to stay the collective action pending arbitration acknowledging that they had signed enforceable arbitration agreements. *Id.* Thus, the magistrate judge agreed with Defendants that Plaintiffs are judicially estopped from asserting that no valid arbitration agreement exists because

Plaintiffs current position is "plainly inconsistent" with position from the Prior Lawsuit that they signed enforceable arbitration agreements. *Id.* at 11.

Moreover, even if the Plaintiffs were not judicially estopped from asserting that no valid arbitration agreement exists, the magistrate judge explains that the Arbitration Agreements submitted by Defendants constitute a valid contract. *Id.* at 13. This is because Defendants made an offer by sending the Arbitration Agreements to each Plaintiff with their onboarding materials, Plaintiffs accepted that offer by signing the Agreements, and there was mutual assent because the Agreement states "that the mutual obligations by the Company and [each Plaintiff] to arbitrate disputes provide adequate consideration for this Agreement. *Id*. (quoting Doc. No 21). Plaintiffs have not provided sufficient evidence to corroborate their denial of the existence of the Agreement because the Affidavits alone are not enough to put the validity of the agreement in issue. Doc. No. 40 at 17; *Soni v. Solera Holdings*, L.L.C., No. 21-10428, 2022 WL 1402046 at *3-4 (5th Cir. May 4, 2022) (per curiam) (to put the formation of an arbitration agreement in issue the party opposing enforcement must produce evidence sufficient to substantiate that the parties did not enter into a contract, and self-serving, bald affidavits are insufficient to meet the standard).

Finally, the magistrate judge found that the delegation clause was valid and neither party challenged its enforceability. *Id.* at 19

Plaintiffs did not file objections to the Report, and the time for doing so has passed. Thus, having considered the Motion to Compel Arbitration, the pleadings, the file, record, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **grants** Defendant's Motion to Compel Arbitration (Doc. 20); **directs** the parties to **arbitrate** all claims and disputes between them in accordance with the arbitration provision in their Agreement; **stays** all case deadlines until lifted

by the court; and **directs** the parties to jointly notify the court in writing regarding the status of the arbitration within **thirty (30) days** of the conclusion of the arbitration.

The court also **administratively closes** the case to prevent it from aging while the parties arbitrate and **directs** the United States District Clerk to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this order shall be considered a dismissal or disposition of this case, and should further proceedings in it become necessary or desirable, any party may file a motion to reopen the case to initiate such further proceedings, or the court may take such action *sua sponte*.

**It is so ordered** this 31st day of August, 2026.

Sam A. Lindsay
United States District Judge